# 13-2467-cv(L), 13-3677-cv(CON)

## United States Court of Appeals
*for the*
## Second Circuit

FOX SEARCHLIGHT PICTURES, INC.,
FOX ENTERTAINMENT GROUP, INC.,

*Petitioners,*

– v. –

ERIC GLATT, on behalf of himself and all others similarly situated, ALEXANDER FOOTMAN, on behalf of himself and all others similarly situated, EDEN M. ANTALIK, KANENE GRATTS, on behalf of themselves and all others similarly situated, BRIAN NICHOLS, DAVID B. STEVENSON,

*Respondents.*

ON PETITION FOR PERMISSION TO APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**REPLY IN FURTHER SUPPORT OF PETITION FOR PERMISSION TO APPEAL PURSUANT TO 28 U.S.C. § 1292(b) AND FED. R. APP. 5(a)**

NEAL K. KATYAL
MARY H. WIMBERLY
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
(202) 637-5528

ELISE M. BLOOM
MARK D. HARRIS
AMY F. MELICAN
PROSKAUER ROSE LLP
11 Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Petitioners*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION ...................................................................................... 1

ARGUMENT ............................................................................................. 2

I. ALL PARTIES AGREE THAT THE ORDER WARRANTS INTERLOCUTORY REVIEW UNDER § 1292(b) ............................................ 2

II. THE COURT SHOULD ALSO REVIEW THE STANDARD FOR POST-DISCOVERY FLSA CERTIFICATION, A QUESTION ON WHICH THERE IS AN ACKNOWLEDGED NEED FOR "CLEAR GUIDANCE." ...... 3

III. PLAINTIFFS' REQUEST TO CONSOLIDATE THIS APPEAL WITH THE UNRELATED APPEAL IN *HEARST* SHOULD BE DENIED ......................... 7

CONCLUSION ........................................................................................ 10

## Table of Authorities

**Page(s)**

**CASES**

*Baldridge v. SBC Commc'ns, Inc.*,
404 F.3d 930 (5th Cir. 2005) ....................4, 5

*Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*,
368 F.3d 86 (2d Cir. 2004) ....................3

*Chem One, Ltd. v. M/V RICKMERS GENOA*,
660 F.3d 626 (2d Cir. 2011) ....................8

*Clay v. Univ. of Tex. Med. Branch*,
167 F. App'x 983 (5th Cir. 2006) ....................8

*Comer v. Wal-Mart Stores, Inc.*,
454 F.3d 544 (6th Cir. 2006) ....................4, 5

*Deposit Guar. Nat'l Bank v. Roper*,
445 U.S. 326 (1980) ....................2, 4

*Espenscheid v. DirectSat USA, LLC*,
705 F.3d 770 (7th Cir. 2013) ....................6

*Marisol A. v. Giuliani*,
126 F.3d 372 (2d Cir. 1997) ....................4

*Myers v. Hertz Corp.*,
624 F.3d 537 (2d Cir. 2010) ....................1, 6

*Torres v. Gristedes Operating Corp.*,
No. 04-cv-3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006) ....................5

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011) ....................4

*Wang v. Hearst Corporation*,
No. 13-2616 ....................2, 3, 7, 8, 9

*Zavala v. Wal-Mart Stores, Inc.*,
691 F.3d 527 (3d Cir. 2012) ....................6

**STATUTES**

28 U.S.C. § 1291 ............................................................................................ 5

28 U.S.C. § 1292(b) ............................................................................... passim

Fair Labor Standards Act ("FLSA") ............................................................ passim

New York Labor Law ("NYLL") ......................................................... 1, 7

**OTHER AUTHORITIES**

20-303 *Moore's Federal Practice—Civil* § 303.41 ........................................... 8

2d Cir. R. 27.1 ................................................................................................ 7

Fed. R. App. P. 3(b)(2) ..................................................................................... 7, 8

Fed. R. Civ. P. 23 ...................................................................................... 2, 4, 6, 9

Fed. R. Civ. P. 23(c)(1)(C) .............................................................................. 5

Fed. R. Civ. P. 23(f) ................................................................................... 2, 4, 6, 9

# INTRODUCTION

The parties and the district court unanimously agree that the district court's June 11 Order (the "Order") warrants interlocutory review pursuant to 28 U.S.C. § 1292(b) to resolve the question of the appropriate legal standard for determining whether an unpaid intern qualifies as an employee under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). None of the parties disputes that this legal issue satisfies § 1292(b)'s three statutory requirements. The question remains of paramount importance not only to the two district courts that have certified it for immediate review, but also in the dozen or more other cases where it is currently being litigated. Fox's petition should therefore be granted.

The Court should also use this opportunity to answer another important, unresolved question of law in this Circuit: the appropriate legal standard for post-discovery FLSA certification. Plaintiffs do not contest that this Court has "not yet provided clear guidance" on the question. *See Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). They also do not dispute that resolution of the question will affect a significant number of cases pending in this Circuit. (Petition for Permission to Appeal ("Pet.") 19.) The few arguments Plaintiffs do muster against immediate review on this issue are not persuasive. They offer no answer to Fox's argument that the proper standard for FLSA certification presents a controlling question of law because the certification decision affects every aspect of this case

going forward. *Cf. Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980) (describing Rule 23 certifications). Their halfhearted assertion that there is no substantial ground for difference of opinion fails because they wholly ignore the contrary authority cited by Fox. (Pet. 18-19.) And their contention that an immediate appeal will not materially advance the litigation because they already met the Rule 23 standard incorrectly assumes that the district court correctly decided that question; Fox demonstrates otherwise in its Rule 23(f) petition pending before this Court. (Pet. 18-19.) Accordingly, this issue also should be considered on interlocutory review.

Finally, although leave to appeal should be granted, this case should not be consolidated with *Wang v. Hearst Corporation*, No. 13-2616, as Plaintiffs request. The cases have no factual overlap and they raise distinct legal questions separate from the intern test. The defendants in the two cases have separate and independent legal interests, and Fox does not consent to consolidation. Accordingly, if the petitions are granted, it would not be in the interests of justice to consolidate the appeals.

## ARGUMENT

### I. ALL PARTIES AGREE THAT THE ORDER WARRANTS INTERLOCUTORY REVIEW UNDER § 1292(b).

Plaintiffs now agree with Fox and the district court that the Order satisfies § 1292(b)'s requirements for interlocutory review. (Opp. Br. 5.) The intern test is

a controlling question of law that "permeates the case, affecting liability as well as the propriety of certifying a class action and an FLSA collective action." (Addendum to Pet. at 4.) There is a substantial ground for difference of opinion on the correct standard, and an immediate appeal will advance the ultimate termination of the litigation. (*Id.* at 4-5.) Moreover, resolution of the question is essential now; there are a dozen intern cases currently pending in this Circuit that will be governed by the intern test, yet courts are divided on just what that test is. (Pet. 3 n.1.) As both the district court below and the district court in *Hearst* held, immediate review is both appropriate and necessary.

## II. THE COURT SHOULD ALSO REVIEW THE STANDARD FOR POST-DISCOVERY FLSA CERTIFICATION, A QUESTION ON WHICH THERE IS AN ACKNOWLEDGED NEED FOR "CLEAR GUIDANCE."

This Court should also consider another unresolved question decided by the district court: namely, the appropriate standard for post-discovery certification of an FLSA collective. Plaintiffs argue that this question does not satisfy the requirements of § 1292(b). (Opp. Br. 8.) As demonstrated in Fox's opening brief, however, that is not the test. If the Court accepts the appeal to resolve the intern test, then any other legal issue included within the Order may be reviewed. *See Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95 (2d Cir. 2004). It is "the *order* that is appealable, and not the controlling question identified by the district court." *Id.* (emphasis in original). Nevertheless, the FLSA certification

question in fact falls well within § 1292(b)'s requirements:

*It is a controlling question of law*. The district court's decision to certify an FLSA collective is akin to a court's Rule 23 class action certification decision, which is recognized as "the most significant decision rendered" in class proceedings. *Deposit Guar. Nat'l Bank*, 445 U.S. at 339. It controls the subsequent litigation. And this Court has recognized as much, granting § 1292(b) certification to resolve questions concerning the appropriate standards for class certification (prior to the 1998 promulgation of Fed. R. Civ. P. 23(f)). *See Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir. 1997), *abrogated on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011). Plaintiffs offer three arguments why the Court should not do so here; none is availing.

First, Plaintiffs contend that review of this question is inappropriate because the certification of the FLSA collective was only "conditional" and not final. (Opp. Br. 8-9.) They rely on two cases holding that in a two-stage FLSA certification process, where the first certification occurs before discovery closes and the second occurs afterward, the initial certification is only conditional. *See Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 932 (5th Cir. 2005); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 549 (6th Cir. 2006). But those cases addressed a completely different issue—whether the appellate courts had jurisdiction over the appeals under the "collateral order" exception to the final

judgment rule of 28 U.S.C. § 1291. Neither involved petitions for leave to appeal, and neither has anything to say about controlling questions of law specifically or § 1292(b) generally. They are completely inapposite.

Moreover, in this case, Plaintiffs chose to seek court-authorized notice and certification only once, *after* discovery was complete. *See Torres v. Gristedes Operating Corp.*, No. 04-cv-3316, 2006 WL 2819730, at *9 (S.D.N.Y. Sept. 29, 2006) (presenting same procedural posture as here). The need for further factual development, which would otherwise render this ruling tentative, is therefore absent from this case. Hence, unlike in *Baldridge* and *Comer*, this certification is truly final.[1]

Second, Plaintiffs claim that the standard for certification is somehow a "mixed question of law and fact" unsuited for appellate review. (Opp. Br. 10.) That argument is baffling. The correct certification standard is a purely legal question. Fox is not challenging the district court's factual determinations; to the contrary, it points out that the district court *itself* found disparate factual and employment settings among the individual plaintiffs. (Collective Order at A35.) The question for this Court is whether the district court evaluated the correct factors and weighed them properly in light of the disparate factual circumstances

[1] To be sure, the district court retains the power to change its mind and reconsider its earlier decision. But that is no different from the power district courts have to decertify classes, *see* Fed. R. Civ. P. 23(c)(1)(C), which does not in the least prevent the litigants from appealing class certification decisions.

amongst the plaintiff and putative opt-ins.

Third, Plaintiffs contend that the district court's decision that the class satisfies Rule 23 moots Fox's request for review. But Plaintiffs conveniently ignore Fox's pending Rule 23(f) petition before the Court, No. 13-2467, which vigorously challenges whether the requirements of commonality and predominance were met for the Rule 23 class that the district court certified. Both the class certification and the collective certification were wrongly decided and should be reversed. The issue is therefore in no way moot.

*There is a substantial ground for difference of opinion over the appropriate standard for FLSA certification*. This Court has "not yet provided clear guidance" on the question. *See Myers*, 624 F.3d at 554-55. The other circuits have taken a variety of inconsistent positions. *Compare, e.g.*, *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 534, 537 (3d Cir. 2012) (weighing many factors bearing on whether members of the collective are "similarly situated," and requiring plaintiffs to prove certification by a preponderance of the evidence) *with Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013) (Posner, J.) (stating that there should be no difference between the standard for certification of a Rule 23 class action versus an FLSA collective action). Plaintiffs do not even bother to respond to this point. They instead argue that the Tenth Circuit and a handful of district courts have adopted a standard similar to the one applied by the district court below.

(Opp. Br. 10-11.) That does nothing to counter Fox's now-uncontested argument that a number of *other* courts have decided the question differently, and that the question is undecided by *this* Court. (Pet. 18-19.)

*Resolution of the issue will "materially advance the ultimate termination of the litigation"* because it will determine whether this case will proceed on an individual or collective basis. Reversal of the district court's decision will affect the procedural and substantive course of the litigation, including whether to send notice and to whom, dispositive motions, and the conduct of the trial. The standard for FLSA certification remains an open question that will dictate the future proceedings in this and many other cases; the Court should therefore resolve the question now.

## III. PLAINTIFFS' REQUEST TO CONSOLIDATE THIS APPEAL WITH THE UNRELATED APPEAL IN *HEARST* SHOULD BE DENIED.

The parties agree that the Court should grant immediate review to determine the proper test for whether an unpaid intern is an employee under the FLSA and the NYLL. However, Fox disagrees that this appeal should be consolidated with any appeal in *Wang v. Hearst Corporation*, No. 13-2616, should the Court grant both petitions. *See* Fed. R. App. P. 3(b)(2). As an initial matter, Plaintiffs have disregarded the proper procedure for making such a request, which is to file a separate motion rather than add an argument to their opposition brief, so that the defendants in both cases may weigh in. *See* 2d Cir. R. 27.1 (requiring every

request of the court to be filed in separate motion); 20-303 *Moore's Federal Practice—Civil* § 303.41. To Fox's knowledge, no request to consolidate has been made of the *Hearst* defendants. Thus, before consolidation is even considered, the *Hearst* defendants should be given an opportunity to respond to Plaintiffs' request.

It is inappropriate to consolidate two unrelated cases unless all parties agree or the interests of justice and the lack of prejudice are compelling. In the only case Plaintiffs cite—indeed, the only reported Second Circuit opinion discussing the standards for consolidation under Fed. R. App. P. 3(b)(2)—all parties consented to the consolidation. *See Chem One, Ltd. v. M/V RICKMERS GENOA*, 660 F.3d 626, 642 (2d Cir. 2011). In addition, the two appeals there were closely related, as they arose "from the same conjoined multi-party litigation in the District Court." *Id.* Neither is the case here. Fox does not consent to Plaintiffs' request. In this case and in *Hearst*, the facts are different, the defendants are different, and the litigations are distinct. The lawsuits are pending before different judges and are at different stages.

Moreover, the interests of justice do not warrant consolidation because the appeals do not involve "essentially the same set of facts and legal issues." *See Clay v. Univ. of Tex. Med. Branch*, 167 F. App'x 983, 984 (5th Cir. 2006). While the intern test is a common issue, the underlying factual circumstances surrounding the internships at Fox and Hearst are not "essentially the same." This Order raises

several issues not present in *Hearst*, including the legal standard for post-discovery FLSA certification and the proper application of Rule 23 principles (raised in Fox's Rule 23(f) petition).

Finally, Plaintiffs are wrong that the attorneys for both defendants are the same, if that is even relevant. (Opp. Br. 7.) While attorneys from Proskauer Rose LLP are lead counsel in each matter, there is no coordination between the two defense teams on these petitions. In any event, the defendants themselves are unrelated entities with separate and independent legal interests. Consolidation would effectively preclude defendants from advocating different versions of the intern tests if they so choose. The prejudice to defendants in both cases greatly outweighs any purported savings of expense accomplished by consolidation. The cases should not be consolidated.

Nevertheless, if the Court grants this petition and the one pending in *Hearst*, Fox does not oppose the appeals being heard and considered in tandem by the same panel, but with separate briefing and separate oral arguments. That procedure would ensure that the Court's resources are used efficiently and would lessen the risk of inconsistent rulings, while respecting the differences between the cases and the parties.

## CONCLUSION

For these reasons and those stated in its petition, Fox's § 1292(b) Petition should be granted, and Plaintiffs' request for consolidation should be denied.

Respectfully submitted,

*/s/Elise M. Bloom*

NEAL K. KATYAL
MARY H. WIMBERLY
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
(202) 637-5528

ELISE M. BLOOM
MARK D. HARRIS
AMY F. MELICAN
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000

*Attorneys for Petitioners*